UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James P. Darlington, and<br>Charlene J. Darlington, | Civil No. 13-65 (DWF/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Bank of America, N.A.;<br>BAC Home Loans Servicing, LP; and<br>Federal National Mortgage Association, | |
| Defendants. | |

Jeffrey R. Vesel, Esq., Jeffrey R. Vesel Law Firm, counsel for Plaintiffs.

Margaret Rudolph, Esq., Sparrowleaf Dilts McGregor, Esq., and Andre T. Hanson, Esq., Fulbright & Jaworski LLP, counsel for Defendant Bank of America, N.A.

Christina M. Snow, Esq., and David R. Mortensen, Esq., Wilford, Geske & Cook, PA, counsel for Defendant Federal National Mortgage Association.

**INTRODUCTION**

This matter is before the Court on motions to dismiss brought by Defendant Federal National Mortgage Association (Doc. No. 5) and Defendant Bank of America, N.A., for itself and as successor by merger with BAC Home Loans Servicing, LP (Doc. No. 8).  For the reasons set forth below, the Court grants Defendants' motions to dismiss.

## BACKGROUND

Plaintiffs James P. Darlington and Charlene J. Darlington (together, "Plaintiffs") are loan borrowers who executed a note and mortgage with respect to their home in St. Cloud, Minnesota (the "Property"). (Doc. No. 1, Ex. 1, Compl. ¶ 1; Doc. No. 11, Ex. 1.) On January 13, 2005, Plaintiffs executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Bremer Bank, National Association. (Doc. No. 11, Ex. 1.) On October 27, 2010, the mortgage was assigned to BAC Home Loans Servicing, LP, which later merged with Bank of America, N.A. (together, "BOA"). (Doc. No. 11, Ex. 2; Compl. ¶ 4.)

Plaintiffs attempted to obtain a loan modification beginning in June 2010 with BOA. (Compl. ¶ 12.) According to the Complaint, BOA recommended that Plaintiffs pursue a loan modification instead of attempting to reinstate the loan, and told Mr. Darlington he would receive a loan modification packet within 10 days. (*Id*. ¶ 13.) When he did not receive the packet, Mr. Darlington requested another, which he received on June 28, 2011. (*Id*. ¶ 14.) Plaintiffs further allege that a BOA representative reassured Mr. Darlington that Plaintiffs could "use reinstatement as a last option if the loan modification did not work out." (*Id*. ¶ 15.)

Plaintiffs defaulted on the loan, and were served with the Notice of Mortgage Foreclosure Sale on December 20, 2011;[1] the sale was initially scheduled for February 9,

---

[1] Plaintiffs appear to allege that they received this notice sometime in January 2012. (Compl. ¶ 17.)

2012. (Compl., Ex. 1; Doc. No. 11, Ex. 3.) After receiving the notice, Mr. Darlington claims he phoned BOA sometime in January 2012 and asked for information about "the full amount owed and the past due amount for reinstatement." (Compl. ¶ 18.)

Also in January 2012, BOA allegedly informed Mr. Darlington that Plaintiffs did not qualify for any loan programs because their paperwork was not received on time. (*Id.* ¶ 16.) A supervisor then informed Mr. Darlington that BOA had misplaced the loan paperwork. (*Id.*) Plaintiffs claim that the supervisor also told Mr. Darlington that Plaintiffs' only option was to file an internal appeal to determine whether the paperwork had been provided in a timely manner. (*Id.*)

The foreclosure sale ultimately occurred on March 1, 2012, as evidenced by the Sheriff's Certificate of Sale. (Doc. No. 11, Ex. 3.) BOA purchased the Property for the sum of $326,748.11. (*Id.*)

On March 8, 2012,[2] Mr. Darlington called BOA again and offered to pay the past due sum in order to reinstate the loan. (Doc. No. 1, Darlington Aff. ¶ 10.) Plaintiffs claim that BOA refused to accept Plaintiffs' "tender of full payment ($48,259.46)." (Compl. ¶ 20.) On the same day, Mr. Darlington phoned BOA's foreclosure attorneys, who allegedly "also refused to accept Mr. Darlington's payment." (*Id.* ¶ 21.) Plaintiffs

---

[2]     Plaintiffs' Complaint alleges that this call was made on February 8, 2012. (Compl. ¶ 19.) Mr. Darlington's sworn affidavit, however, states that he made the call on March 8, 2012, after having allegedly postponed the sheriff's sale to March 9, 2012. (Darlington Aff. ¶¶ 10-11.) Plaintiffs have submitted no responsive memorandum and have not disputed that the call was in fact placed on March 8, 2012.

claim that "the law firm told Mr. Darlington that the only way payment could be made was by mailing to [BOA] and that it was too late to make a payment." (*Id.*)

On November 16, 2012, BOA conveyed the Property to Federal National Mortgage Association ("Fannie Mae") by virtue of a quit-claim deed. (Doc. No. 11, Ex. 4.)

Plaintiffs initially filed a Complaint in Stearns County District Court, in which they assert the following four causes of action: (1) Declaratory Judgment, pursuant to Minn. Stat. § 555.02; (2) Injunctive Relief; (3) Violation of RESPA, 12 U.S.C. § 2605(e); and (4) Negligent and/or Fraudulent Misrepresentation. (Compl. ¶¶ 23-46.) BOA subsequently removed the action to this Court. (Doc. No. 1.)

Defendants now move to dismiss all of Plaintiffs' claims. Plaintiffs have failed to respond to Defendants' motions in any respect. The Court considers the pending motions below.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint,

4

matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Motions to Dismiss

### A. Payment Refusal

Counts I, II, and IV of Plaintiffs' Complaint stem from the allegation that Defendants wrongfully refused to accept payment of the full amount owed on the loan; therefore the sheriff's sale and foreclosure are void. Plaintiffs further claim that BOA and its attorneys misrepresented that they could not accept Plaintiffs' reinstatement payments.

There is no dispute that Plaintiffs failed to attempt to reinstate their loan until March 8, 2012, seven days after the sheriff's sale of the Property occurred on March 1,

5

2012.  Nor is there any evidence that Plaintiffs attempted to redeem the Property (or offered to pay the $326,748.11 sale price) prior to the expiration of the six-month statutory redemption period.  As such, Plaintiffs were not entitled to reinstate their mortgage as a matter of law pursuant to Minnesota Statute.  *See* Minn. Stat. § 580.03.  Because Counts I, II, and IV all derive from the same operative facts regarding Defendants' alleged refusal to accept a partial payment of $48,259.46 *after* the sale of the Property, all three Counts are thus properly dismissed.

      B.      **RESPA**

In Count III of Plaintiffs' Complaint, Plaintiffs allege that Defendants violated RESPA by failing to properly respond to Plaintiffs' qualified written request ("QWR").  In particular, Plaintiffs claim that BOA failed to notify them of any loan modification programs available to them.

RESPA requires that when a "servicer of a federally related mortgage loan receives a [QWR] from the borrower . . . for information related to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A).  According to Plaintiffs' Complaint, Plaintiffs sent a letter to BOA, dated February 8, 2012, which constituted a QWR.  (Compl. ¶ 35.)  BOA responded to that letter on February 29, 2012 and on March 8, 2012, but provided no documents or information regarding loan modification.  (*Id.* ¶¶ 36-37.)  BOA disputes that Plaintiffs' February 8, 2012 communication constitutes a QWR and denies that it had an obligation to respond to any modification request raised in the purported QWR.

A QWR is a:

> written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the buyer; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).  RESPA only obligates loan servicers to respond to requests for information relating to the servicing of their loans.  *See, e.g., Yakowicz v. BAC Home Loans Servicing, LP*, Civ. No. 12-1180, 2013 WL 593902, at *5  (D. Minn. Feb. 15, 2013); *Hintz v. JP Morgan Chase Bank, N.A.,* Civ. No. 10-2825, 2011 WL 579339, at *8 (D. Minn. Feb. 8, 2011).  "Servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).  Upon receipt of a QWR, a loan servicer has 20 days to acknowledge its receipt and 60 days to respond.  12 U.S.C. § 2605(e)(1)-(2).

Based on the allegations in the Complaint, the Court concludes that Plaintiffs' letter does not constitute a QWR.  Plaintiffs' February 8, 2012 communication did not identify any purported errors in Plaintiffs' account, dispute the debt, or request correction of the same.  Nor did it identify any errors in loan servicing.  Instead, Plaintiffs concede that their letter sought information regarding loan modification, which is unrelated to the servicing of the loan itself.  (Compl. ¶ 35 ("In a letter dated February 8, 2012, the

7

CASE 0:13-cv-00065-DWF-LIB Document 17 Filed 04/30/13 Page 8 of 9

Darlingtons submitted a QWR to Bank of America, which sought specific information regarding what loan modification programs the Darlingtons might be eligible for.")); *see, e.g., Hintz,* Civ. No. 10–2825, 2011 WL 579339, at *8 (noting that courts routinely interpret section 2605 as requiring a QWR to relate to the servicing of the loan, not the modification of a loan); *Van Egmond v. Wells Fargo Home Mortg.,* Civ. No. 12-0112, 2012 WL 1033281, at *4 (C.D. Cal. Mar. 21, 2012) ("RESPA, however, only obligates loan servicers to respond to borrowers' requests for information relating to the *servicing* of their loans, which does not include loan modification information."). As such, the Court concludes that Plaintiffs have failed to state a RESPA claim upon which relief can be granted. The Court therefore dismisses Count III.

Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants Defendants' motions to dismiss. All Counts of the Complaint are properly dismissed with prejudice.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Federal National Mortgage Association's Motion to Dismiss (Doc. No. [5]) is **GRANTED**.

2. Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. No. [8]) is **GRANTED**.

3. Plaintiffs' Complaint (Doc. No. [1], Ex. 1) is **DISMISSED WITH PREJUDICE**.

8

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 30, 2013                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge